**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2654
_____

ALVIN GEORGE WHITE, JR.,
                                            Appellant

v.

JOHN E. WETZEL;
MELINDA ADAMS;
MARCIA COMBINE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01546)
Magistrate Judge: Honorable Lisa P. Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2022

Before: KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 11, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Alvin George White, Jr., appeals from the Magistrate Judge's order granting the defendants' motion to dismiss and for summary judgment. For the reasons set forth below, we will vacate the Magistrate Judge's judgment and remand this matter for further proceedings.

I.

In October 2020, Alvin George White, who is incarcerated at SCI-Mercer in Pennsylvania, filed a pro se complaint pursuant to 42 U.S.C. § 1983 claiming that prison officials violated his rights under the Eighth Amendment by failing to implement the Department of Corrections' policies regarding the COVID-19 pandemic. He named as defendants: John E. Wetzel, the former Pennsylvania Secretary of Corrections; Melinda Adams, the Superintendent of SCI-Mercer; and Marcia Combine, the Unit Manager of White's cell block.

In the complaint, which he later amended, White alleged that in April 2020, when the prison implemented the state-wide lock down and other safety protocols, he was housed on G-Block, an open dormitory-style unit with 125 inmates. According to White, the defendants "knew the threat that this open block presented, [more] than any other block in the institution," but ignored Center for Disease Control (CDC) guidelines for social distancing. Compl. 5, ECF No. 7. White stated that the defendants took some precautions—such as downsizing his block to sixty inmates—but they ignored the problem posed by the open housing in G-Block even though "there was available space

2

that would [have] allowed the changes for our safety." Id. at 6. In addition, according to White, during May, June, and July of 2020, "officials began to interchange large numbers of inmates from other blocks and jails to [G-Block]." Id.

White alleged that each of the three defendants knew how dangerous the open housing was but ignored the danger. He stated that Secretary Wetzel visited G-Block in June or July and spoke with the inmates about their concerns, but nonetheless proceeded to bring in inmates from different blocks and jails. White further alleged that he personally spoke with Superintendent Adams during one of her visits to G-Block, at which time she "admitted that something needed to be done[] but did not have a plan of action." Id. at 7. Unit Manager Combine similarly "spoke with great concern of the danger [the prisoners faced] because of this open unit an[d] the four man living conditions." Id. According to White, she was "angry and admitted the big mistake the higher officials made by interchanging the large number of inmates." Id.

White alleged that, as a result of the defendants' failure to take sufficient precautions, there was an outbreak on G-Block in August 2020—the sole block in the prison to suffer an outbreak. On August 26, 2020, White began to experience heart problems and shortness of breath and was admitted to the hospital, where he tested positive for COVID-19. White alleged that he nearly died in the hospital, and that the extent of the damage to his heart is still unknown. He asserted that the defendants could have prevented the outbreak in the G-Block but ignored the threat. In fact, he asserts, they ultimately took preventative measures—but not until after he had become seriously

3

ill. White sought $3.5 million in damages. The parties consented to proceed before a Magistrate Judge.

The defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, inter alia, that White failed to state an Eighth Amendment claim because his allegations did not support a plausible inference that they acted with deliberate indifference toward a serious medical need.[1] The Magistrate Judge granted the motion over White's objections and dismissed the amended complaint.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To state an Eighth Amendment claim, a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendant was deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834

---

[1] The defendants also moved to dismiss the complaint on the ground that White had not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). The Magistrate Judge construed this portion of the defendants' motion as a motion for summary judgment and denied relief, concluding that White had presented enough evidence of his efforts to exhaust to withstand summary judgment. The defendants do not challenge this ruling.

[2] White sought reconsideration of the Magistrate Judge's order, but she denied the request.

4

(1994). "An official is deliberately indifferent if he 'knows of and disregards an excessive risk to inmate health or safety.'" Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (quoting Farmer, 511 U.S. at 837).

Upon review, we conclude that White set forth sufficient facts to survive the defendants' motion to dismiss. The defendants conceded that COVID-19 poses a serious risk to the inmate population. Br. 16, ECF No. 16. White alleged that Secretary Wetzel ignored DOC protocols by maintaining open-dormitory housing and four-man cells, and by "interchanging" inmates from different blocks and jails. White further alleged that there was space in other parts of the prison to relocate inmates. He also alleged that Superintendent Adams and Manager Combine acknowledged to him that the conditions in G-Block were dangerous but did nothing to improve them. Accepting White's allegations as true, as we must, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013), we cannot say that these facts do not raise an inference of deliberate indifference to a concededly serious risk.

The Magistrate Judge concluded that White failed to state a claim in light of the preventative measures the Department of Corrections has generally taken to mitigate risk, as well as the CDC's guidance for prisons. But White alleged that the defendant prison officials did not even try to comply with DOC and CDC guidance. We express no opinion on whether While will ultimately prevail on his claim. The defendants may be able to provide facts showing that they cannot be liable because they responded reasonably to the risk because, perhaps, different housing arrangements were not feasible,

5

see Farmer, 511 U.S. at 844, for example.  However, dismissal was not appropriate at the motion-to-dismiss stage.

Accordingly, we will vacate the Magistrate Judge's judgment and remand for further proceedings.